UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

MICHELLE M. McGRODER,

                Plaintiff,

  v.                                       **DECISION AND ORDER**
                                                      09-CV-1085S

LOWE'S HOME CENTERS, INC,
LOWE'S STORE # 1883,

                Defendants.
───────────────────────────────

      1.      On December 22, 2009, *pro se* plaintiff Michelle McGroder filed a Complaint in the Western District of New York claiming violations by Defendants Lowe's Home Centers, Inc and Lowe's Store #1883 ("Lowe's") of the Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12112-12117, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-297. Plaintiff alleges Lowe's terminated her employment, sexually harassed her, discriminated against her on the basis of sex, age, and disability, engaged in retaliatory conduct in response to her complaints, and engaged in a series of contrived disciplinary actions, including altering her performance reports and reprimanding her without good cause. Presently before this Court is Lowe's Motion to Dismiss. For the following reasons, Defendants' Motion to Dismiss is granted.

      2.      On April 26, 2010, Lowe's filed a Motion to Dismiss Plaintiff's Complaint in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 7.) Along with their motion, Defendants filed the Affidavit of Tricia B. O'Reilly, Esq.

(Docket No. 8), as well as a Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint (Docket No. 9). Plaintiff filed a Response (Docket No. 18) on July 20, 2010, and Defendants filed a Reply Memorandum (Docket No. 19) on August 5, 2010.

3.  For purposes of adjudicating the present motion, this Court assumes the truth of the following factual allegations contained in Plaintiff's Complaint and attached submissions. See Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997). Plaintiff began her employment with Lowe's on June 11, 2005. (Complaint ("Comp."), Docket No. 1, ¶ 4.) Prior to her employment, Plaintiff alerted Lowe's of her inability to lift more than 30 lbs. (Id. at ¶ 21.) On August 12, 2005, Plaintiff experienced the first of several allegedly discriminatory acts. (Id. at ¶ 5.) Similar incidents occurred between September 2005 and July 2007. (Id.) The nature of these incidents varied widely but may be briefly summarized as follows. In September 2005, Lowe's informed Plaintiff that she would need to begin lifting in excess of her 30 lbs. limit or lose her job. (Id. at ¶ 19.) Lowe's also falsified and altered performance reports on August 12, 2005, October 11, 2005, May 13, 2006, August 15, 2006, and again in late August 2006. (Id.) When Plaintiff complained, she was subjected to a total of five disciplinary write-ups. (Report of Equal Employment Opportunity Commission ("EEOC Rep."), attached to Comp., Docket No. 1.) Plaintiff was also allegedly subjected to terms and conditions of employment different from those of her, younger, male coworkers. (Id.) Although Plaintiff would be disciplined for not pulling appliances for customers, male coworkers were not subjected to similar discipline. (Id.) Co-workers would also steal Plaintiff's customers without repercussions. (Id.) Plaintiff was also accused of sending an inappropriate email of a

sexual nature on the basis of her age.  (Id.; Plaintiff's Declaration in Plaintiff's Charge of Discrimination ("Pl.'s Decl."), attached to Comp., Docket No. 1.)  Finally, Plaintiff was subjected to age related comments, and was, in one incident, startled by a co-worker who jumped out of a freezer to frighten her.  (Pl.'s Decl.)  Plaintiff ultimately left Lowe's and did not return to work after November 12, 2006.  (Comp. ¶ 16.)  Lowe's subsequently terminated her employment for being on leave in excess of 180 days.  (EEOC Rep.)

4.       Plaintiff commenced an action before the Equal Employment Opportunity Commission ("EEOC") on March 26, 2007. (Pl.'s Decl.)  On September 24, 2009, after fully investigating Plaintiff's allegations, the EEOC concluded that the majority of Plaintiff's claims were time-barred by the EEOC's 300 day filing deadline and that the remaining claims did not reveal Plaintiff being singled out or retaliated against based on her age or sex.  (EEOC Rep.)  Plaintiff commenced the present action on December 22, 2009.

5.       Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12 (b)(6).  Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of the claim.  Fed. R. Civ. P. 8(a)(2).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).  When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).  Legal conclusions, however, are not afforded the same presumption of truthfulness.  See

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility is present when the factual content of the complaint allows for a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. The plausibility standard is not, however, a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Furthermore, this Court is aware of the distinct disadvantage at which *pro se* litigants are placed, and recognizes that federal courts routinely read submissions by *pro se* litigants liberally, interpreting them to raise the strongest arguments they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

   6. At the outset, this Court notes that the majority of Plaintiff's claims are time-barred. An employee alleging discrimination under the ADA, ADEA, and Title VII must file a timely claim with the EEOC. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996) (Title VII); Aratari v. Genessee Cnty. Sheriff's Office, No. 00-CV-0163, 2000 WL 1047701, at *1 (W.D.N.Y. July 25, 2000) (ADA); Anderson v. Derby Bd. of Educ.,

718 F. Supp. 2d 258, 271 n.30 (D. Conn. 2010) (ADEA).  In New York, a claim will be timely if it is filed with the EEOC within 300 days of the incident.  See Parks v. New York City Dept. of Corr., 253 Fed. Appx. 141, 143 (2d Cir. 2007) (Title VII); Harris v. City of New York, 186 F.3d 243, 247 n.2 (2d Cir. 1999) (ADA); Anderson, 718 F. Supp. 2d at 271 n.30 (ADEA).  Plaintiff filed her claim with the EEOC on March 26, 2007.  Consequently, any of Plaintiff's claims arising prior to May 30, 2006 are time-barred.

7. In regards to Plaintiff's ADA claims, even those allegations that are not time-barred must be dismissed.  Plaintiff did not raise her ADA claims before the EEOC and thus has not exhausted her administrative remedies.  See Arati, 2000 WL 1047701, at *1.  Where a plaintiff fails to first bring her ADA claim in such an administrative proceeding, federal courts lack jurisdiction.  See Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001) (citing cases).  Consequently, Defendants' Motion to Dismiss Plaintiff's ADA claims will be granted.

8. Although Plaintiff does not raise it, an exception to the timely filing requirement does exist where a claim is "reasonably related" to an EEOC charge that was timely filed.  Anderson, 718 F. Supp. 2d at 271 n.30.  "A claim raised for the first time is reasonably related to the allegations in an EEOC charge where the conduct complained of would fall within the scope of the EEOC investigation which can be reasonably expected to grow out of the charge of discrimination."  Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2d Cir. 2001).  To determine whether a claim is reasonably related, courts consider the factual allegations in the EEOC charge describing the discriminatory conduct.  Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003).  The key inquiry is whether the claimant's filing put the EEOC on notice to investigate the claim.  See id. at 202.  In her filing to the EEOC,

Plaintiff identified age and sex-based discrimination, as well as retaliatory conduct. (Pl.'s Decl.) Plaintiff did not allege that Defendants discriminated against her on the basis of disability. Nor did Plaintiff allege any specific discriminatory acts that were based on her disability. The EEOC had no reason to investigate whether Plaintiff suffered discrimination on the basis of a disability, merely because she also alleged discrimination on the basis of age and sex. See Aratari, 2000 WL 1047701, at *1 (ADA claim not reasonably related to Title VII claim where plaintiff only alleged that he was not in good physical condition). Consequently, this Court finds that Plaintiff's ADA claims are not reasonably related to her EEOC filing, and thus should first have been brought before that administrative body. Having failed to do so, Plaintiff's ADA claims are not properly before this Court and must be dismissed. See Banks v. State Univ. of N.Y., No. 06-CV-239S, 2007 WL 895505, at *6 (W.D.N.Y. Mar. 22, 2007) (dismissing Title VII claim related to disability where claim not included in EEOC filing).

      9.     A similar result follows for Plaintiff's ADEA and Title VII claims. To establish a *prima facie* case of discrimination under the ADEA and Title VII, a plaintiff must show that (1) she belonged to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003). Similarly, a claim for retaliation also requires a plaintiff to show an adverse employment action. Id. at 140-141 (citing Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033 (2d Cir. 1993)). To rise to the level of an adverse employment action, an employer's acts must affect "the terms, privileges, duration or conditions of employment." Yerdon v. Henry, 91 F.3d 370, 378 (2d Cir. 1996).

"[R]eprimands, threats of disciplinary action and excessive scrutiny do not constitute adverse employment action." Bennet v. Watson Wyatt & Co., 136 F. Supp. 2d 236, 248 (S.D.N.Y. 2001).

10.     Here, Plaintiff alleged that Defendants falsified and altered performance reports on August 15, 2006 and in late August 2006. Defendants allegedly manipulated her personal sales record to minimize her achievements by refunding sales she had completed and then entering them back into the system under a male associate's name. These changes were made after Plaintiff complained about behavior by her male coworkers. (EEOC Rep.) This Court finds that Plaintiff's pleadings are insufficient to make out a claim under Title VII or the ADEA.

11.     Plaintiff has not described what consequences resulted from the alterations to her performance reports. Plaintiff's ultimate termination was not because of these reports, but because, as the EEOC found, Plaintiff was on leave in excess of 180 days. (Id.) As Plaintiff states in her Complaint, it was she who left her job. (Comp. ¶ 5.) "[A]lthough reprimands and close monitoring may cause an employee embarrassment or anxiety, such intangible consequences are not materially adverse alterations of employment conditions." Castro v. New York City Bd. Of Educ. Personnel, No. 96 Civ. 6314(MBM), 1998 WL 108004, at *7 (S.D.N.Y. Mar. 12, 1998). Plaintiff has not alleged how the reports resulted in a demotion, decrease in wage or salary, loss of title, benefits or responsibilities. See Compton v. Lowe's Cos., Inc., No. 08-cv-809-JPG, 2011 WL 499359, at *4 (S.D. Ill. Feb. 8, 2011) (noting that "verbal and written reports do not constitute adverse employment actions under Title VII [where plaintiff] did not suffer tangible job consequences as a result of their issuance"). Without such work-related

repercussions, Plaintiff's allegations do not amount to an adverse employment action. See Ward v. Empire Vision Centers, Inc., 686 F. Supp. 2d 243, 250 (W.D.N.Y. 2010) (warnings not accompanied by change in conditions of employment do not constitute adverse employment action even where plaintiff wrongfully accused). For this reason, Defendants' Motion to Dismiss Plaintiff's Title VII and ADEA claims will be granted.

12. The Court notes that, even assuming the disciplinary reports could be termed adverse employment actions, the submissions filed with the Complaint cast doubt on whether Plaintiff has made out a *prima facie* case of discrimination. The EEOC noted that Defendants disciplined and discharged several individuals, of both sexes, who were also younger than Plaintiff, for acts identical to those Plaintiff alleges she was singled out for. "Based on the comparative evidence it does not appear that [Plaintiff was] singled out or retaliated against based on [her] gender and/or age when [she was] disciplined for violating company policies."  (EEOC Rep.)

13. Plaintiff alleges various other discrete discriminatory acts. Even without inquiring into whether these incidents occurred prior to May 30, 2006, and are therefore time-barred, this Court finds that they do not rise to the level of discrimination required under Title VII or the ADEA. Incidents such as a co-worker jumping out of a freezer are insufficiently severe to show discriminatory conduct. See Brooks v. City of San Mateo, 229 F.3d 917, 929 (9th Cir. 2000) (noting that ostracism at hands of coworkers does not constitute adverse employment action). This is especially the case where, as here, nothing links the incident to the alleged age and sex-based discrimination. Plaintiff also describes one incident in which she was questioned about an email of a sexual nature. (Comp. ¶ 13.) When asked why she was being questioned, Defendants allegedly answered it was

because of her age. (Id.) However, Plaintiff offers nothing more by way of a discriminatory intent or, as previously discussed, an adverse employment action. Consequently, these discrete claims also do not make out a claim of discrimination.

14.     Plaintiff's only remaining claim, arising under the NYSHRL, will be dismissed without prejudice for lack of jurisdiction. Although this Court is not required to dismiss Plaintiff's state law claims where all federal claims have been dismissed, see Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001), "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well," Marcus v. AT&T Corp., 138 F.2d 46, 57 (2d Cir. 1998).

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 7) Plaintiff's Federal law claims is GRANTED.

FURTHER, that this Court declines to exercise supplemental jurisdiction over Plaintiff's State law claim, which is hereby dismissed under 28 U.S.C. § 1367(c)(3).

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:   September 25, 2011
         Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                                  Chief Judge
                                            United States District Judge